**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ROGER D. PERKINS AND MONICA D. PERKINS | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. <u>5:23-cv-00398</u> |
| BLUE WORLD POOLS INC/GOBAL-SUN POOLS INC., A NEVADA CORPORATION DOING BUSINESS IN TEXAS AND SWIMLINE, A NEW YORK CORPORATION DOING BUSINESS IN TEXAS | § § § § § § § | |
| Defendants | § § | |

**DEFENDANT SWIMLINE INC.'S
NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441, Defendant SWIMLINE, INC. (improperly named as "Swimline, a New York Corporation Doing Business in Texas" and hereinafter referred to as "Defendant" or "Swimline"), hereby removes to this Court, the state court action described in Paragraph 1 below. Pursuant to 28 U.S.C. § 1446(a), Swimline sets forth the following "short and plain statement of the grounds for removal":

**A. THE REMOVED CASE**

1.     The removed case is a civil action first filed in the County Court at Law of Bexar County, Texas on or about December 30, 2022, styled *Roger D. Perkins and Monica D. Perkins v. Blue World Pools Inc./Global-Sun Pools, Inc., a Nevada Corporation Doing Business in Texas and Swimline, a New York Corporation Doing Business in Texas*, No. 2023CV00010 (hereinafter referred to as the "State Court Action"). In the State Court Action, Plaintiffs seek to recover

damages in connection with the allegedly faulty installation of an above-ground pool and assert claims against Swimline and co-defendant Blue World Pools, Inc. under the Texas Deceptive Trade Practices Consumer Protection Act, and for fraud and breach of contract. Plaintiffs allege that they contracted with the defendants on June 14, 2021 to install a 24-foot pool, made payments to Defendants on July 28, 2022 and August 23, 2022 totaling $10,999, and that work to install the pool commenced shortly thereafter.  Plaintiffs appear to allege that the installation was faulty, proximately causing injury to both Plaintiffs.

2.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders filed in the State Court Action, served upon, or otherwise obtained by Swimline as of the date of this pleading are attached to this Notice and incorporated herein for all purposes.

3.      Attached hereto are copies of the following documents:

| | |
|---|---|
| **Exhibit 1:** | Index of State Court Filings |
| **Exhibit 2:** | The State Court's Docket Sheet |
| **Exhibit 3:** | Plaintiffs' Original Petition |
| **Exhibit 4:** | Motion to Default [sic] Enter Judgment as to Swimline |
| **Exhibit 5:** | Proposed Default Judgment Against Swimline |
| **Exhibit 6:** | Attachment 1 (Demand Letter dated September 30, 2022) |
| **Exhibit 7:** | Swimline's Special Appearance |
| **Exhibit 8:** | Swimline's Original Answer Subject to Special Appearance |
| **Exhibit 9:** | Blue World's Motion to Compel Arbitration |
| **Exhibit 10:** | Blue World's Original Answer Subject to Motion to Compel Arbitration |
| **Exhibit 11:** | Plaintiffs' Response to Defendant's Special Appearance |

**Exhibit 12:**   Plaintiff's Second Response to Defendant's Special Appearance and First Motion for Discovery

**Exhibit 13:**   Plaintiff's Response to Defendant's Original Answer Subject to Motion to Compel with a Plea to Jurisdiction and Motion to Compel Arbitration

**Exhibit 14:**   Civil Cover Sheet

**Exhibit 15:**   List of Parties and Counsel

4.      Swimline will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of County Court at Law of Bexar County, Texas where the State Court Action is currently pending.

## B.  REMOVAL IS TIMELY

5.      Removal is timely if filed within thirty days after the defendant received a paper form which it can first ascertain that the case is removable or that the case has become removable if the case stated in the initial pleading was note removable.  *See* 28 U.S.C. § 1446(b)(3).  This window to remove a case may open when (1) the case is clearly not removable on the basis of jurisdictional facts apparent from the face of the initial pleading or (2) it is unclear from the initial pleading whether the case is removable (i.e., an indeterminate pleading).  *See Mumfrey v. CVS Pharm.*, 719 F.3d 392, 398 (5th Cir. 2013).  Plaintiffs' initial pleading stated that Plaintiffs seek monetary relief of $250,000 or less in connection with their claims regarding a $10,499 swimming pool.  Accordingly, this was an indeterminate pleading with regarding the jurisdictional facts supporting removal.

6.      Plaintiffs filed their "Motion to Default Enter Judgment as to Swimline" and their proposed "Default Judgment Against Swimline" on February 28, 2023, almost 2 weeks before any initial response on behalf of Swimline was due in the State Court Action.  Swimline was not

served with the Plaintiffs' proposed Default Judgment Against Swimline, and the filing was not accepted by the Bexar County Clerk until March 2, 2023. *See* Plaintiffs' Default Judgment Against Swimline, attached as **Exhibit 5**.

7.    Plaintiffs' proposed Default Judgment Against Swimline contains jurisdictional facts absent from the Plaintiffs' Original Petition demonstrating that the amount in controversy in this case exceeds $75,000. In Plaintiffs' Motion for Default Judgment and proposed judgment, they request damages awarded against Swimline, Inc. in excess of $180,000.00. *See* Plaintiffs' Default Judgment Against Swimline, attached as **Exhibit 5**. The relevant jurisdictional facts are copied below:

> **JUDGMENT IS HEREBY ENTERED** in favor of Plaintiff, ROGER AND MONICA PERKINS for $45,000.00 actual damages, $135,000.00 treble damages, prejudgment and post-judgment interest on all damage awards at 7%, against Defendant, SWIMLINE ET AL for all such sums.

8.    Because the thirtieth day after the earliest possible receipt of the Motion to Default Enter Judgement as to Swimline and of Plaintiffs' proposed Default Judgment Against Swimline falls on April 1, 2023 this Notice of Removal is filed timely pursuant to 28 U.S.C. § 1446(b).

## C.  VENUE IS PROPER

9.    The United States District Court for the Western District of Texas is the proper venue for removal of the State Court Action pursuant to 28 U.S.C. § 1441(a) because the County Court at Law of Bexar County, Texas is located within the jurisdiction of the United States District Court for the Western District of Texas.

## D.  DIVERSITY OF CITIZENSHIP EXISTS

10.    This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court because all properly joined and served parties are of diverse citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

11.    At the time of the filing of this Petition, Plaintiffs were, and is are, to the best of Swimline's knowledge, and according to the Petition, residents of Texas.

12.    Swimline Inc. is a foreign corporation, organized and existing under the laws of the State of New York with a principal place of business at 191 Rodeo Drive, Brentwood, NY 11717, United States.

13.    Defendant Blue World Pools Inc./Global-Sun Pools, Inc., a Nevada Corporation Doing Business in Texas (hereinafter "Blue World") is a foreign corporation, organizing and existing under the laws of the State of Nevada with a principal place of business in Nevada.

14.    Blue World Pools, Inc. consents to removal of this action.

15.    Because this lawsuit is between citizens of three different states, and there is complete diversity of citizenship pursuant to 28 U.S.C. § 1332.

### E.  THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

16.    In their "Motion to Default Enter Judgment as to Swimline" Plaintiffs requested entry of judgment against Swimline in accordance with the separately filed proposed Default Judgment.   In this proposed judgment, Plaintiffs request attorneys fees, actual damages of $45,000.00, treble damages of $135,000.00, along with pre-judgment and post-judgment interest at 7 percent.  Accordingly, the written submission filed by Plaintiffs, requested damages awarded against Swimline, Inc. in excess of $180,000.00.  *See* Plaintiffs' Default Judgment Against Swimline.  Swimline was not served with a copy of this document and did not obtain it until March 2, 2023, at the earliest.

17.      Based on the aforementioned facts, the State Court Action may be removed to this Court by Swimline in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Western District of Texas; (ii) this action is between citizens of three different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs as specifically plead by Plaintiffs in their Motion to Default Enter Judgment as to Swimline and proposed Default Judgment Against Swimline.

### F.  JURY DEMAND

18.      No party has demanded a trial by jury at this time in the State Court Action.

### G.  CONCLUSION

19.      For the reasons stated above, Defendant Swimline requests that Cause No. 2023CV00010 now pending in the County Court at Law No. 10 of Bexar County, Texas, be removed to the United States District Court for the Western District of Texas, San Antonio Division.

Dated: March 31, 2023

Respectfully submitted,

By:___/s/ John C. Faubion_____

**JOHN C. FAUBION**
Texas Bar No. 24089013
john.faubion@cooperscully.com

**COOPER & SCULLY, P.C.**
3600 N. Capital of Texas Hwy.
Building B., Suite 190
Austin, Texas 78746
(512) 439-1504

**ATTORNEYS FOR DEFENDANT
SWIMLINE, INC.**

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on the 31st day of March, 2023, I personally conferred with counsel for co-defendant Blue World Pools, Inc. regarding this motion and that Blue World Pools, Inc. consents to this removal.

*/s/ John C. Faubion*
**JOHN C. FAUBION**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of March, 2023, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure.

*/s/ John C. Faubion*
**JOHN C. FAUBION**